UNITED STATES *v.* KEE HO *et al.*

*(District Court, D. Oregon.  December 31, 1887.)*

1. CUSTOMS DUTIES—ILLEGAL IMPORTATION—INDICTMENT.
   It is not sufficient, in an indictment, under section 3082 of the Revised Statutes, to charge the defendant in the language of the statute, with importing merchandise into the United States "contrary to law," or with having received or bought the same. after being so imported, but the indictment must state, with reasonable certainty, in what the illegality of the importation consists.

2. SAME.
   The offense of bringing merchandise into the United States "contrary to law," as defined by section 3082 of the Revised Statutes, does not include frauds or illegalities concerning the invoicing of the same, or the payment of duties thereon, which can only occur after the importation is accomplished, and the merchandise brought within the cognizance of the customs officers.
   *(Syllabus by the Court.)*

Indictment for Importing Contrary to Law.

Kee Ho and Lee Ark were indicted for importing opium contrary to law.

*L. L. McArthur,* for the United States.

*R. Mallory,* for defendants.

DEADY, J.   The indictment in this case is found under section 3082 of the Revised Statutes, the same being section 4 of the act of July 18, 1866, (14 St. 179,) entitled "An act further to prevent smuggling, and for other purposes."   It provides that "if any person shall fraudulently or knowingly import or bring into the United States, or assist in so do-

ing, any merchandise contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited, and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both."

The indictment contains five counts; and the merchandise alleged to to have been illegally imported consists of 161 packages of prepared opium of the value of $1,490. The first count charges the defendants with importing and bringing the opium into the United States, on May 6, 1887, with intent to defraud the revenue thereof. It is alleged that the opium was "subject to duty by law," and "should have been invoiced," and was imported "without paying or accounting for the duty due and payable" thereon, contrary to the statue in such cases made and provided. The second count charges the defendants with receiving the opium from some person to the grand jurors unknown, knowing the same to have been imported contrary to law. The third one charges them with buying the same from such unknown person with the like knowledge. The fourth one charges the same offense as the second one, with the additional allegations that the opium had been theretofore imported contrary to law, and "without paying or accounting for the duty due and payable thereon." The fifth one is similar to the third one, with the addition of the allegations concerning the importation of the opium, and the non-payment of the duty thereon, as in the fourth one.

The defendants demur to the first count in the indictment, and the remaining four counts, separately, for that neither of them "charge a crime against said defendants or either of them."

It is not always sufficient to state an offense in the language of the statute declaring or defining it. Unless the statute distinguishes or individuates the offense, so that the defendant is notified by its terms of what he is really to be tried for, it is not sufficient to follow its language, in drawing an indictment under it. Whart. Crim. Pl. § 220; U. S v. Simmons, 96 U. S. 360. In this case it was held that an indictment, drawn under section 3266 of the Revised Statutes, in which the crime was described in the language thereof, was insufficient. In delivering the opinion of the court, Mr. Justice HARLAN, after stating the general rule to be, that it is sufficient to charge the defendant "in the substantial words of the statute, without any further expansion of the matter," said (page 362:) "But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute."

The section of the statute under which this indictment is drawn is intended, as the title of the act from which it is compiled indicates, to prevent smuggling—the clandestine introduction of goods into the United

States without passing them through the custom-house, and with intent to defraud the revenue of the United States. But its language is broad enough to include, and does include, every case or form of illegal importation, even where the intent to avoid the payment of duties does not exist, as the bringing in of prohibited goods, or goods packed in prohibited methods. The language of the section, "import contrary to law," is very general, and does not indicate or individuate any one of the various illegal importations that come within its scope and operation. And, therefore, it becomes necessary, in charging a crime under the section, to state in the indictment in what the illegality of the importation or bringing into the United States consists; and, unless this is done, no particular crime is charged, and the indictment is demurrable. See *U. S.* v. *Thomas,* 4 Ben. 370; *U. S.* v. *Claflin,* 13 Blatchf. 186, in each of which cases a demurrer was sustained to an indictment under this section on this ground.

Nor does the statement in the latter part of the count, to the effect that the opium is dutiable, and should have been invoiced, and the duty was not paid thereon, help the case in any respect. The offense of bringing merchandise into the United States "contrary to law" does not include frauds or illegalities concerning the invoicing of the same or the payment of duties thereon, which can only occur after the importation is accomplished, and the merchandise brought within the cognizance of the customs officers. *U. S.* v. *Claflin,* 13 Blatchf. 184. This allegation is immaterial, and must be treated as surplusage. The demurrer to the count is sustained.

In the consideration of the demurrer to the remaining counts in the indictment, the fourth and fifth ones will be regarded, in this respect, as mere repetitions of the second and third ones. The statement in the former concerning the non-payment of duties in the description of the original offense of importing the opium, being no part of such offense, and therefore immaterial, both the second and fourth counts alike charge the defendants with the commission of the secondary offense of receiving the opium knowing it to have been imported or brought into the United States contrary to law, while the third and fourth counts charge them with buying the opium under similar circumstances.

In a count charging the secondary offense of buying or receiving goods imported contrary to law, it is not necessary to describe the original offense with the same particularity of time, place, and circumstance that is required in a count for such original offense. The rule in the case of an indictment for receiving stolen goods furnishes a safe analogy. In such case it is not necessary to name the thief, nor to allege his conviction, nor to state the time and place when and where the goods were stolen; and, generally, it is sufficient to describe the goods, state their value, and allege that before the receipt thereof by the defendant they had been stolen or feloniously taken and carried away. *U. S.* v. *Claflin,* 13 Blatchf. 184; 1 Whart. Crim. Law, §§ 997–1004.

The defendants are charged in these four counts with receiving and buying this opium, knowing the same to have been imported into the

United States contrary to law. The fact that such merchandise was so imported is not, however, alleged in either the second or third count, as it should be. And it only inferentially or argumentatively appears from the allegation that the defendants knew that the opium was imported contrary to law. But the fact is directly alleged in the fourth and fifth counts; and is this a sufficient designation or description of the original offense, even in a count for the secondary offense of buying or receiving? In my judgment it is not. The indictment ought to state, as to these offenses, wherein the importation was illegal or contrary to law—whether the opium was smuggled into the United States, or brought here, whether through the custom-house or not, contrary to a statute prohibiting its introduction into the country, or in prohibited packages, or condition. Hitherto, it may be said that the law permitted the importation of opium without restraint, as to quantity, package, or condition, and therefore an allegation that such an article was imported contrary to law necessarily implied, and must in law be held and taken to mean, that it was smuggled.

This conclusion may be within judicial knowledge, but I hardly think it ought to be imputed to that of the defendants, in this or any case, or excuse the prosecution from stating, substantially, in what the illegality of the importation in question consists, so that the defendant may be prepared to meet the charge on the trial.

But since the passage of the act of February 23, 1887, (24 St. 409,) entitled "An act to provide for the execution of the provisions of article two of the treaty" with the emperor of China of November 17, 1880, this right is so restrained that it is now unlawful for any "subject of the emperor of China" to import opium into any port of the United States. Therefore the illegality of this importation of opium may consist in the fact that it was smuggled or that it was imported by a Chinese subject, even if it came through the custom-house, and paid duty, and the indictment ought to show on which of these illegalities, if either, the prosecution relies.

The demurrer to the counts for receiving and buying is also sustained.