In re 200⁷/₁₂ DOZEN WOOL HOSE AND HALF HOSE.

RUEHL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 33.

CUSTOMS DUTIES ☞130—MERCHANDISE IMPORTED BY PERSON IN CUSTOMS SERVICE SUBJECT TO FORFEITURE AS IMPORTED "CONTRARY TO LAW."

Merchandise imported by a person employed in the customs service as an appraiser of imports, in violation of Rev. St. § 2638 (Comp. St. § 5379), *held* imported "contrary to law," and subject to seizure and forfeiture under Rev. St. § 3082 (Comp. St. § 5785).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contrary to Law.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against 200⁷/₁₂ Dozen Wool Hose and Half Hose; Henriette Ruehl, claimant. Judgment for the United States, and claimant brings error. Affirmed.

Writ of error to review a duly entered decree of condemnation. The libel asserts that the goods in question had been imported "contrary to law" by one F. W. Ruehl, and were therefore subject to forfeiture under R. S. § 3082 (Comp. St. § 5785). The illegality asserted is that said Ruehl was at the time of importation an examiner of merchandise under the appraiser at New York, and therefore a "person employed under the authority of the United States," who by R. S. § 2638 (Comp. St. § 5379), is forbidden to "import or be concerned directly or indirectly in the importation of any merchandise for sale," under a penalty of $500.

The claimant is Henriette Ruehl (wife of the said F. W. Ruehl), who under the registered trade-name of Scotch Import Company deals (as was asserted) in goods of this kind. Her answer pleaded generally a legal importation by herself. Under proper stipulation the trial judge was authorized to direct a verdict in accordance with the facts as found by him. After hearing evidence the court found in substance: (1) The Scotch Import Company was in fact F. W. Ruehl; (2) who was at date of importation in government employ as alleged; wherefore (3) the importation in the name of said Import Company was contrary to law, and subject to the forfeiture prayed for. To the decree accordingly, claimant took this writ.

Montague Lessler, of New York City (Paris Russell, of New York City, of counsel), for plaintiff in error.

Francis G. Caffey, U. S. Atty., of New York City (Harold Harper, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The findings of the trial court have evidence supporting them. With the weight thereof we cannot deal, and must therefore approach this matter with the fact established that the Scotch Import Company was but a cover for F. W. Ruehl, and that for all purposes of responsibility this importation might as well have been in his own name. This dispenses with all inquiries as to the scope and meaning of the phrase

"concerned directly or indirectly in" importation. United States v. Scott (C. C.) 74 Fed. 213.

Thus reduced to its lowest terms, the claimant's contention is that section 2638 is not a customs statute, but is purely penal, and fully satisfied by punishing a person; therefore it cannot be invoked to justify an allegation that goods and merchandise have been imported contrary to law; for section 3082, though not complete of itself (Keck v. United States, 172 U. S. 434, 19 Sup. Ct. 254, 43 L. Ed. 505), can only be completed by discovering some other statute operating on goods, and making their importation illegal, and not by referring (as here) to a statute that operates in personam only. The position is said to find support in the language of United States v. A Lot of Jewelry (D. C.) 59 Fed. 684. We find nothing to the point there decided, and while the argument of United States v. Kee Ho (D. C.) 33 Fed. 333, more clearly indicates a differing thought, we think this claimant's position a novelty.

The only obligation on one filing libel for condemnation under section 3082 is to allege and prove that the act of importation was knowingly "contrary to law" on the part of "any person" so importing. The statute contains no indication as to how or in what manner the law is to be violated, much less is it confined by its language to any special kind of statutory infraction.

The unlawfulness of importation (i. e., bringing into the country, United States v. One, etc., Coat [D. C.] 237 Fed. 707) may depend on the kind of merchandise (e. g., certain books and drugs), or the method of introduction (e. g., clandestine landing), or their origin (e. g., by trading with the enemy), or a mere incident of introduction (e. g., false or dishonest entry). The illegality is as tainting, whether the goods are tainted or not, and there must always be somewhere a human being to produce the illegality; and in this instance we hold that Ruehl's act in bringing these goods into the country was "contrary to law," because he was under a statutory disability at the time he so imported; he was the "any person" referred to in section 3082.

There are other assignments of error, not thought necessary to notice; they either relate to evidence admitted as we think properly, or to matters not appearing in the record in such shape that we can consider them.

Decree affirmed.