(C.D. 2447)

AIR EXPRESS INTERNATIONAL AGENCY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 21, 1964).

*James G. McGoldrick* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: The issue here litigated is whether the male thoroughbred horse "Bob," imported into the United States for breeding purposes, is entitled to duty free entry under paragraph 1606(a), Tariff Act of 1930, as amended.

Paragraph 1606(a) is as follows:

Any animal imported by a citizen of the United States specially for breeding purposes, shall be admitted free, whether intended to be used by the importer himself or for sale for such purposes, except black, silver, or platinum foxes, and any fox which is a mutation, or type developed, therefrom: *Provided*, That no such animal shall be admitted free unless pure bred of a recognized breed and duly registered in a book of record recognized by the Secretary of Agriculture for that breed: *Provided further*, That the certificate of such record and pedigree of such animal shall be produced and submitted to the Department of Agriculture, duly authenticated by the proper custodian of such book of record, together with an affidavit of the owner, agent, or importer that the animal imported is the identical animal described in said certificate of record and pedigree. The Secretary of Agriculture may prescribe such regulations as may be required for determining the purity of breeding and the identity of such animal: *And provided further*, That the collectors of customs shall require a certificate from the Department of Agriculture stating that such animal is pure bred of a recognized breed and duly registered in a book of record recognized by the Secretary of Agriculture for that breed.

There is no controversy between the parties as to compliance here with the provisions of paragraph 1606, save only the provision that, in order to be duty free, the horse shall be "imported by a citizen of the United states . . . ." It appears to be conceded by the parties that this horse was imported for breeding purposes, that "Bob" was pure-

bred and was duly recognized and registered as such, and that necessary certificates have been produced in compliance with the statute and with the applicable regulations.

The facts as to the person or persons by whom "Bob" was imported into the United States are to be found in the record, from the official papers, which are in evidence, and also from a stipulation as to certain facts.

In April 1959, "Bob" was sold by his then owner, a Peruvian not involved in this litigation, to Jose F. Mariategui and Mrs. L. W. Person (known also as Mrs. M. E. Person and Mrs. Liz Whitney Person). They were, at the time of importation, coowners of the horse. Mr. Mariategui, a Peruvian, was then the ambassador of that country to the Republic of Panama. Mrs. Person, a citizen of the United States, resided at Llangollen Farm, Upperville, Va.

The horse was shipped from Panama to Miami via Pan American Airways. The bill of lading shows Mr. Mariategui both as shipper and consignee; but the waybill was stamped with the following statement:

The undersigned carrier, to whom or upon whose order the articles described herein or in the attached document must be released, hereby certifies that

Air Express Int'l Agency Inc.

is the owner or consignee of such articles within the purview of section 484(h), Tariff Act of 1930. In accordance with the provisions of section 484(j), Tariff Act of 1930, authority is hereby given to release the articles covered by the aforementioned statement to such consignee.

Pan-American World Airways, Inc.

Air Express International Agency, Inc., entered the horse at Miami for the account of Mrs. Liz Whitney Person; the declaration of the "nominal consignee or agent" was that Mrs. Liz Whitney Person was the actual owner for customs purposes; the declaration to accompany animals offered for importation, signed by J. Mariategui as "agent," stated that the horse, offered for importation by Liz Whitney Person and imported for breeding, was to be delivered to her farm in Upperville, Va.; the declaration on free entry of animals for breeding purposes was signed by M. E. Person, and stated:

I, Mrs. M. E. Person, declare that I am a citizen of the United States; that the animals covered by the annexed entry are imported by me specially for breeding purposes; and that the same are identical with those described in the certificate of pedigree presented therefor.

The certificate of pure breeding, issued by the Department of Agriculture nearly 3 years after entry, gave the name of the importer as Mrs. Liz Whitney Person and Jose Fc. Mariategui. There was an accompanying letter to the Miami collector, stating that this certificate was issued by the Department with knowledge that the horse was jointly owned by a United States citizen and a noncitizen.

Who was the person who *imported* the horse "Bob" into the United States for breeding purposes, within the meaning of paragraph 1606 (a)? If it was Mrs. Person, it is conceded that she is a citizen. If it was she and Mr. Mariategui, or Mr. Mariategui alone, it is conceded that he is not a citizen.

The Department of Agriculture, if we read in conjunction the certificate and the accompanying letter, states that, in its opinion, the importers, who were also the owners of the horse, were Mr. Mariategui and Mrs. Person. Rulings of the Department of Agriculture do not have the force of law and are not binding on this court in determining tariff issues. *F. W. Myers & Co., Inc.* v. *United States*, 29 CCPA 30, C.A.D. 167; *United States* v. *Mercantil Distribuidora et al.*, 43 CCPA 111, C.A.D. 617; *United States* v. *Mercantil Distribuidora et al.*, 45 CCPA 20, C.A.D. 667; and other cases.

Even if it be assumed that plaintiff, a citizen, coowner with an alien, alone imported the horse "Bob" (and we are not convinced the record shows this), the question is whether she is such an importer as paragraph 1606 contemplates. Is she, a citizen of the United States, one who, granted the privilege of free entry for breeding purposes, could use the horse or sell it, as she might determine, for breeding purposes? It is far from clear from the record before us that Mrs. Person was in position to sell the horse or otherwise make legally effective determinations with regard to it.

In our view, it is this language of paragraph 1606 which spells out the congressional intention to grant free entry to such an importer as could, legally, either use the horse or sell it for breeding purposes. At most, plaintiff evidently could sell only a one-half interest in the horse. Whether she had such title as permitted her alone to determine its use, does not appear.

In *C. S. Emery & Co.* v. *United States*, 20 CCPA 340, T.D. 46113, discussed in the briefs before us, the importer of record was found to be a mere dummy, the consignee of the real owner who was a Canadian citizen resident in the United States. Our appeals court held that the consignee was not such an importer as Congress intended in paragraph 1606.

In *E. Dillingham, Inc.* v. *United States*, 27 Cust. Ct. 109, C.D. 1356, certain cows, imported at Ogdensburg, were liquidated duty free under paragraph 1606. Some 9 months later, the collector reliquidated, under section 521, on the ground of fraud, and charged duty. Unless there had been fraud, concededly there was no right to reliquidate at the time when the collector essayed to do so. The issue, then, was whether there was probable cause to believe that there was fraud in the case.

The question there was whether a statement, in the entry papers, that the cows were "owned by" M. R. Levin & Sons constituted fraud, in

view of the fact that it appeared that the cows were consigned to M. R. Levin & Sons for sale to the Farm Bureau of Massachusetts. We held there was no fraud, that M. R. Levin & Sons were consignees with power of sale, and, hence, reliquidation under section 521 was invalid.

Similarly, in *Carey & Skinner, Inc.* v. *United States*, 33 Cust. Ct. 48, C.D. 1634, there was a reliquidation on the ground of fraud. We held there was no fraud; that a citizen who has lawful possession of animals for breeding purposes, evidenced by a complete record of transfers of ownership to him, is such a citizen as may import duty free for purposes of breeding. Appeal from this decision was dismissed. *United States* v. *Carey & Skinner, Inc.*, 42 CCPA 243.

In *Carey & Skinner, Inc.* v. *United States*, 36 Cust. Ct. 84, C.D. 1756, we likewise held reliquidation, on grounds of fraud, to be illegal, where the importation was on consignment for sale for breeding purposes.

The difficulty here is that plaintiff has no such title as permits her to determine disposition of the horse "Bob." She is not such an importer as paragraph 1606(a) contemplates.

It is well established that the collector may look through form to determine substance, including the determination as to who is the actual importer of entered merchandise. *Ruehl* v. *United States*, 263 F. 376; and cases cited, *supra*.

The protest is overruled. Judgment will be entered accordingly.