## UNITED STATES v. HANA.

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3727.

Customs duties ⬦129—Master of ship not liable for failing to include intoxicating liquor in manifest.

The master of a ship is not liable for the penalty imposed by Rev. St. § 2809 (Comp. St. § 5506), by omitting goods and chattels from the manifest that are not in a legal sense adapted to or susceptible of entry in the custom house, and hence is not liable for failure to include intoxicating

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
276 F.—52

liquors, which is not merchandise in a legal sense, unless imported in a manner authorized by the provisions of the Prohibition Act.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action by the United States against Olaf O. Hana. Judgment for defendant, and the United States brings error. Affirmed.

Robert C. Saunders, U. S. Atty., and Charlotte Kolmitz, Asst. U. S. Atty., both of Seattle, Wash.

Bronson, Robinson & Jones, of Seattle, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Some liquor, wine and beer, was brought into the port of Seattle on the ship Lovejoy, arriving from a foreign port, and Hana, the master, failed to include the articles in the manifest filed with the authorities. The government brought action under Rev. St. § 2809 (Comp. St. § 5506). General demurrer to the complaint was sustained, and to review judgment of dismissal the United States brought writ of error.

In United States v. Sischo (C. C. A.) 270 Fed. 958, it was held in effect that the master of a ship is not liable for the penalty imposed by section 2809, R. S. U. S., by omitting goods and chattels that are not in a legal sense adapted to or susceptible of entry at the custom house. While liquor and wine may be the subject of importation for certain restricted purposes, nevertheless, unless the liquor or wine is brought in as authorized by the provisions of the Prohibition Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305), it is not merchandise in a legal sense.

Judgment affirmed.