## UNITED STATES v. SANTINI.

### SAME v. LOWE.

(Circuit Court of Appeals, Fifth Circuit. March 23, 1922.)

Nos. 3800, 3805.

Customs duties ⊙⟋70, 129—Intoxicating liquor is "merchandise," in statutes relating to manifests and unloading.

Intoxicating liquor is "merchandise" within Rev. St. § 2872 (Comp. St. § 5563), requiring a license or permit before unloading cargoes in the nighttime, section 2867 (Comp. St. § 5555), penalizing master for unloading without a permit, and section 2814 (Comp. St. § 5511), penalizing a master failing to give an account of the true destination of his vessel on de-

mand by the collector of customs, in order to evade production of manifests, in view of section 2766 (Comp. St. § 5462).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Proceedings by the United States to forfeit the vessels Dickey Bird and Florence, claimed by Nick Santini, and the yacht Inia II, claimed by W. H. Lowe. From decrees dismissing the libels, the United States appeals. Reversed and remanded.

William M. Gober, U. S. Atty., of Lakeland, Fla., and Damon G. Yerkes and Maynard Ramsey, Asst. U. S. Attys., both of Jacksonville, Fla.

N. B. K. Pettingill and Howard P. Macfarlane, both of Tampa, Fla., for appellee Santini.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The first of the above cases is a proceeding by the United States to forfeit the vessels Dickey Bird and Florence. The libel of information charges that the said vessels arrived in the waters of Tampa Bay, Fla., from a foreign port with cargoes of intoxicating liquor; that the cargoes were unladen and delivered within the United States in the nighttime without license or permit, in violation of section 2872 of the Revised Statutes (Comp. St. § 5563), and that the value of each cargo exceeds $400.

The second case is a similar proceeding, against the yacht Inia II. The libel charges a violation of section 2814 of the Revised Statutes (Comp. St. § 5511), in that the master failed to give an account of the true destination of the yacht, as demanded by the collector of customs, upon its arrival within the collection district of Florida from a foreign port; and a violation of section 2867 of the Revised Statutes (Comp. St. § 5555) in that a cargo of intoxicating liquor was unladen without authority from the proper customs officer.

Exceptions to the libels in each case, upon the ground that a cargo of liquor does not constitute merchandise within the meaning of section 2766 of the Revised Statutes (Comp. St. § 5462), were sustained by the District Judge, and the libels dismissed. The two cases may be disposed of in one opinion, since each of them presents the same question.

The subject-matter of title 34 of the Revised Statutes is the "Collection of Duties upon Imports." The title is divided into 11 chapters. Chapter 4 deals exhaustively and in detail with the subject of the entry of merchandise into the United States, and includes the sections upon which the libels in these cases are based. The first section of that chapter is section 2766, which reads as follows:

"The word 'merchandise,' as used in this title, may include goods, wares, and chattels of every description capable of being imported."

In The Ivor Heath (D. C.) 275 Fed. 67, smoking opium, the importation of which is prohibited altogether, was held to fall within the above designation of merchandise. The opposite conclusion was

reached in United States v. Sischo (D. C.) 262 Fed. 1001, and was sustained on writ of error. (C. C. A.) 270 Fed. 958. Circuit Judge Hunt filed a dissenting opinion, although later he wrote the opinion of the court in United States v. Hana (C. C. A.) 276 Fed. 817, holding, upon the authority of the Sischo Case, that liquor was not merchandise within the meaning of the section. The opinions in the cases above cited fully state the reasoning in support of these conflicting views.

We are of opinion that section 2766 does not limit or restrict the meaning of the word "merchandise," but, on the contrary, that it has, and was intended to have, the effect of giving to that word an enlarged significance. The word "merchandise" occurs many times throughout the title. If its meaning had not been designated or defined, it appears to us clear that it would have been entitled to a liberal construction in carrying out the purposes of the law.

In order to secure the collections of customs duties, it is required that ships entering ports of the United States shall carry manifests containing a list of all merchandise, and shall not unload cargoes without exhibiting the manifests, and without affording an opportunity for inspection. It is not only goods entitled to entry that are required to be shown on the manifests, but prohibited goods are also required to be listed. Otherwise, it would be impossible to prevent evasions, frauds upon the revenue, and prohibited importations. It was held in the early case of Harford v. United States, 8 Cranch, 109, 3 L. Ed. 504, that a permit for the landing of goods applied to importations which are prohibited, as well as to those which are permitted. The inclusion of section 2766 was for the purposes of aiding in the enforcement of the law. It hardly can be contended that it was intended to thwart any of these purposes.

We think that it was intended to enlarge the meaning of the word "merchandise." The provision that merchandise "may include goods, wares and chattels of every description" is consistent with the idea that whether the importations could be strictly and technically classed as merchandise would be immaterial. Clearly the words just quoted are inconsistent with the theory of a limited interpretation. But it is said that the phrase "capable of being imported" should be construed as having the word "lawfully" understood. Such an interpretation appears to us to be untenable and wholly irreconcilable with the provisions requiring manifests and opportunities for inspection, and prohibiting the clandestine unlading of cargoes.

Intoxicating liquor intended for industrial uses may be imported, and is liable for a duty; but importation without a permit is prohibited. Under the construction contended for, an easy method would be provided of importing industrial, as well as beverage, liquor without a permit, and without the payment of import duties. Intoxicating liquor is merchandise, or it is not. Its character as such cannot be determined by the granting or withholding of a permit, or by the payment or nonpayment of import duties. Moreover, it appears to us to be a confusion of terms, and of the thing itself with the use to which it may be put, to say that liquor is merchandise if intended for industrial purposes and a permit be secured, but that it is not merchandise if intended for use

as a beverage. We are therefore of opinion that liquor is merchandise, within the meaning of section 2766, whether it is intended for industrial or beverage purposes, and whether it comes in under permit or not.

The decrees of the court below are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.