## UNITED STATES v. THIRTY-SIX CASES OF INTOXICATING LIQUOR, ETC.

(District Court, S. D. Texas, at Galveston. May 3, 1922. On Rehearing, May 26, 1922.)

No. 658.

1. **Customs duties ⬤=129, 130—Unreported liquor subject to forfeiture, and master to fine.**

    Under Rev. St. § 2775 (Comp. St. § 5471), intoxicating liquors on a vessel are subject to forfeiture, and the master to fine, where not reported by master within 48 hours after arrival.

2. **Customs duties ⬤=125—Smuggling complete, though goods not unloaded.**

    The offense of smuggling is complete as to prohibited articles, when, though not unloaded, they have been brought into the territorial waters of the United States.

### On Rehearing.

3. **Customs duties ⬤=62—Intoxicating liquors held not "merchandise" required to be included in manifest.**

    The word "merchandise," as defined in Rev. St. § 2809 (Comp. St. § 5506) relating to goods that must be included in a manifest, is not limited by section 2766 (Comp. St. § 5462) to goods "capable of being imported," and includes intoxicating liquors.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

4. **Customs duties ⬤=121—Prohibition statutes held not to exclude operation of customs statute.**

    The prohibition statutes, with reference to importation, transportation, and possession of intoxicating liquors, do not exclude the operation of customs statute as to penalties and forfeitures.

Libel of information filed by the United States to forfeit thirty-six cases and two hundred and sixty-seven bottles of intoxicating liquor. Claim for return of liquors denied, and case held open.

D. E. Simmons, U. S. Atty., of Houston, Tex.

James B. & Charles J. Stubbs, of Galveston, Tex., for claimant.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

HUTCHESON, District Judge. This is a libel of information filed by the United States attorney, on behalf of the government, to forfeit 36 cases and 267 bottles of intoxicating liquor brought into Galveston on or about August 20, 1920, on the British steamship Lippe, Capt. George H. Pike, master. The forfeiture is sought for failure of the master to have said intoxicating liquor on his manifest, as required by section 2809 of the Revised Statutes (Comp. St. § 5506).

The claimant, George H. Pike, through his attorneys, filed an amended answer on or about the 14th day of January, 1922, in which he admits that he had in his possession on board the steamship Lippe said intoxicating liquor, and that said steamship came to the port of Galveston, and that said liquors, which were his own, and no part of the ship's stores, but owned by him personally, were not on the ship's manifest. He claims that the manifest had been prepared by his steward and that the liquors had been inadvertently omitted therefrom; that it was not his intention to bring said merchandise into the United States, or that same should be delivered from the vessel into the United States, or any port of the United States, but that same had been purchased by the respondent at a time when the vessel contemplated a voyage, not to the United States, but to another country, and that it was intended by him that the liquors should be taken in part for his own use, and for his crew at sea, and part to be taken to his home in England upon the return voyage; that there was a custom prevailing that officers and crew of vessels purchased liquor from the master on board, and that it had always been recognized by the customs officers of the United States that the liquors might be kept by the master for his personal use without manifesting, and that the liquors were not dutiable and not subject to forfeiture; that they are not within the customs laws of this country, and as a matter of fact they are not seized under the customs laws but under the theory of prohibition enforcement.

The answer contained a cross-claim, asserting that the collector of customs had exacted a penalty from claimant of $937 for failure to manifest, and claimant prays that he have judgment for the return to him of said sum of money, and for the delivery to him of the liquor seized and held by the customs officers. It thus appears that the government's case is a libel under section 2809 (Comp. St. § 5506), which provides as follows:

"If any merchandise is brought into the United States in any vessel whatever from any foreign port without having such a manifest on board, or which shall not be included or described in the manifest, or shall not agree therewith, the master shall be liable to a penalty equal to the value of such merchandise not included in such manifest; and all such merchandise not included in the manifest belonging or consigned to the master, mate, officers, or crew of such vessel, shall be forfeited."

By section 2766 (Comp. St. § 5462) it is provided:

"The word 'merchandise,' as used in this title, may include goods, wares, and chattels of any description capable of being imported."

But it further appears that the claimant seeks affirmative relief from the penalty assessed, and the affirmative assistance of this court to restore to him the liquors seized.

Let us first inquire how stands the government on its right to a forfeiture under the libel brought. It being admitted that the goods were not manifested, and it being clear from the evidence as I find it that this failure to manifest was not due to an excusable mistake, it ought to follow that, if the liquors are within the compass of the manifest statute, the government should have judgment for forfeiture and condemnation as prayed.

At first blush the conclusion seems to be easily drawn that the statute under which the libel is brought covers the case, and entitles the government to the relief sought, but the matter is not one of first impression, and there is direct authority for the proposition that these liquors were not the character of goods referred to in the manifest statute, and, unless I can say that the opinions in those cases are clearly wrong, I feel constrained, although they are not from the Fifth circuit, to follow them.

The cases referred to are U. S. v. Sischo (C. C. A.) 270 Fed. 958, and U. S. v. Hana (C. C. A.) 276 Fed. 818. Both cases involved an effort to collect penalties for failure to manifest under section 2802. In the Sischo Case opium was involved, while the Hana Case involved intoxicating liquors. The Circuit Court of Appeals in those cases held that the word "merchandise," as defined in section 2809, was limited by section 2766 to goods "capable of being imported," and that that limiting phrase excluded goods which, under the circumstances of a particular case, could not be legally imported.

While I base my decision that the manifest statute has no application to this case, on the authority of the two cases cited above, and have not undertaken to determine the matter from abstract reasoning for myself, I think it proper to say that I do not share the apprehension of the government that that interpretation will unduly hamper the customs service, or prevent its proper administration, because the only effect of that ruling would be to deny to persons who have prohibited goods in their possession the right to protect them by manifest, and to subject all prohibited goods to seizure, unless under the statute (section 2775 [Comp. St. § 5471]) they are reported, or under some other customs regulation they are properly accounted for.

Upon the authority of these cases I hold that the government's libel fails, since the manifest statute as there construed has no application to the liquors in question, which under the facts plainly were not capable of being imported into the United States.

[1] It does not follow, however, that the claimant should have an order for the surrender to him of the liquors, for there are other considerations which have worked a forfeiture of his title to the liquors, and effectually prevent him from repossessing himself thereof. These considerations are the following:

Rev. St. § 2775 (Comp. St. § 5471), provides that the master of any vessel, having on board distilled spirits or wine, shall within 48 hours after his arrival report in writing the quantity and kind of spirits and wine on board the vessel, and in default thereof he shall be liable to a penalty of $500, and any spirits omitted to be reported shall be forfeited. The statute, while plainly designed to apply to different circum-

stances and conditions than those now existing, has not been repealed, and the failure of the master to report these liquors has under this statute worked a forfeiture of them.

In addition, I think that the failure of the master to manifest or report these goods, taken with the other facts and circumstances in the case, is sufficient to support the inference that the possession of them was at the time and under the circumstances unlawful, and that they have by reason thereof become forfeited, and this whether it be regarded, as the district attorney contends, that the smuggling statutes are still applicable to imported liquors, or whether the matter be governed by the prohibition laws passed under the authority of the Eighteenth Amendment.

It is my opinion, and I have so held in U. S. v. One Paige Automobile (D. C.) 277 Fed. 524, that the prohibition statutes with reference to importation, transportation, and possession are complete and comprehensive, and that they have occupied the entire field, both as to penalties and forfeitures, excluding the operation of the customs statute therefrom where intoxicating liquor is concerned.

[2] Certainly the possession by the master under the circumstances in this case disclosed constitutes unlawful possession within the territorial limits of the United States, within the meaning of the prohibition laws, and is sufficient to work a forfeiture of the liquors; but, if mistaken in this, and it be contended that the customs laws apply, I am of the opinion that the law was correctly stated in United States v. Caminata (D. C.) 194 Fed. 903—that as to prohibited articles the offense of smuggling is complete when, though they have not been unloaded from the ship, they have been brought into the territorial waters of the United States. It is my opinion, therefore, and I will so hold, that the claim of the master for the return of his liquors be denied.

As to the penalty of $935 assessed and collected from him, it appears from this opinion that said penalty was wrongfully collected, and that the only penalty which the government had a right to collect was that provided in Rev. St. § 2775 to wit, $500; but order upon this matter will be withheld until the court has received authorities as to the right of the court to order a return of this money, and the right of the government to proceed for the collection of the penalty of $500 as provided by statute. The case will also be held open to permit the government, if it is so advised, to amend its libel as to the ground of forfeiture.

### On Rehearing.

The United States having, on motion for rehearing, called to the attention of the court the fact that the Circuit Court of Appeals for the Fifth Circuit, in causes No. 3800, United States v. Santini, and No. 3805, United States v. W. H. Lowe, 279 Fed. 534, has declined to follow the cases of United States v. Sischo, 270 Fed. 958, and United States v. Hana, 276 Fed. 817, and has, on the contrary, held that intoxicating liquors are subject to manifest, and to the penalties and forfeitures provided for failure to manifest:

[3, 4] So much of the previous opinion rendered herein as accepts the authority of the Sischo and Hana Cases is withdrawn, and upon the

authority of the opinions of the Fifth Circuit above referred to it is held that the United States will be entitled to judgment of forfeiture and condemnation, not only under the prohibition statutes, but under section 2809, Rev. St. (Comp. St. § 5506), and that the prayer of the claimant for the return to him of the penalty exacted by the collector of customs at the port of Galveston will also be denied.

Let a decree be drawn in accordance with this opinion.