TAYLOR et al. v. HOFSTAD. (Circuit Court of Appeals, Eighth Circuit. January 16, 1923.) No. 6145. In Error to the District Court of the United States for the District of Minnesota. Donald Evans, of Des Moines, Iowa, for plaintiffs in error. F. H. Stevens and H. H. Stevens, both of Minneapolis, Minn., for defendant in error.

PER CURIAM. Writ of error dismissed, at costs of plaintiff in error, per stipulation of parties, etc.

---

TAYLOR v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. January 15, 1923.) No. 6109. In Error to the District Court of the United States for the District of Nebraska. John N. Baldwin, J. H. Walker, and Daniel J. Monen, all of Omaha, Neb., for plaintiff in error. James C. Kinsler, U. S. Atty., of Omaha, Neb.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of defendant in error, etc.

---

UNITED STATES v. AUSTIN. (Circuit Court of Appeals, Ninth Circuit. May 28, 1923.) No. 3903. In Error to the District Court of the United States for the Northern Division of the Western District of Washington. Action by the United States against D. C. Austin. Judgment for defendant, and the United States brings error. Reversed, with instructions. Thomas P. Revelle, U. S. Atty., and Judson F. Falknor, Asst. U. S. Atty., both of Seattle, Wash., W. A. Johnson and Grosscup & Morrow, all of Seattle, Wash., for defendant in error. Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

PER CURIAM. This was an action by the United States under section 2809 of the Revised Statutes (Comp. St. § 5506), to recover a penalty for bringing into the United States intoxicating liquor without including the same in the ship's manifest. The court below sustained a demurrer to the complaint, and dismissed the action, on the authority of United States v. Sischo (C. C. A.) 270 Fed. 958, and United States v. Hana (C. C. A.) 276 Fed. 817. The judgment in the former case was reversed by the Supreme Court in United States v. Sischo, 43 Sup. Ct. 511, 67 L. Ed. ——, decided May 7, 1922, and for the reasons there stated the judgment in this case is reversed, with instructions to overrule the demurrer, and for further proceedings in accordance with law.