## Case No. 15,887.

### UNITED STATES v. NINETY DEMI-JOHNS AQUADIENTE.[1]

### [MS.]

District Court, S. D. Florida. Nov., 1879.[2]

FORFEITURES—VIOLATION OF TARIFF LAWS—INTENT TO DEFRAUD—ADMIRALTY PRACTICE.

1. A violation of the requirement in Schedule D of the act of 1870 (Rev. St. § 2504 [16 Stat. 256]), that "wines, brandy, and other spirituous liquors imported in bottles shall be packed in packages containing not less than one dozen bottles," does not subject liquors not so packed to forfeiture, for there is no statute declaring such a forfeiture, and a constructive forfeiture is not justified except in cases of the most urgent necessity.

2. To entail a forfeiture, it is not sufficient that there has been a violation of law by means of the thing sought to be forfeited, but there must have been such a violation as will bring it directly under the letter of the law declaring the forfeiture.

3. The act of June 22, 1874, § 16 [18 Stat. 189], which makes the finding of an intent to defraud a prerequisite to forfeiture of goods, though in terms restricted to cases in which issue of fact is joined, may nevertheless be considered applicable to suits in rem. in admiralty, even when there is no answer or appearance; since the admiralty practice is adapted to protect the rights of the absent owner.

G. Bowne Patterson, U. S. Atty.

LOCKE, District Judge. This is the second libel against this property on account of irregularities in the packages in which it was found, it being, as is alleged, in large bottles, to wit, demijohns, and not packed in

1 [Not previously reported.]
2 [Affirmed in 8 Fed. 485.]

packages of not less than twelve. The question at issue is whether the portion of Schedule D, Act 1870 (section 2504, Rev. St.), which provides that "wines, brandy, and other spirituous liquors imported in bottles shall be packed in packages containing not less than one dozen bottles in each package," authorizes a forfeiture of such property if not so packed. It is admitted that there is no forfeiture declared by the language of any statute, nor has any law or decision been cited, under which or wherein it may or has been enforced; nor am I aware of any. Forfeitures are not favored in law, and, in my opinion, there can be none without a direct violation of a positive enactment for which they have been declared to be the penalty. Implications either of violation of law or character of penalty will not justify them. In order to entail a forfeiture, it is not sufficient that there has been a violation of law by means of the thing sought to be forfeited, but there must have been such a violation as will bring it directly under the letter of the law declaring the forfeiture. I consider this principle so well established that nothing but the most urgent necessity would justify a constructive forfeiture, and I do not consider such a construction necessary for the protection of the revenue any more than supported by authority. If it has not been declared by legislation, it cannot be assumed to have been intended as a penalty. Had all importations in any manner irregular been declared contraband, and the general penalty of forfeiture been declared, or no penalty been attached, so that the general penalty of forfeiture might attach for a violation of law by presumption, it might be regarded with more favor; but such is not the case, and the very presence of the declaration of forfeiture under other circumstances, as, for instance, in this same section, where it is declared that all liquors imported in casks of a less capacity than fourteen gallons shall be forfeited, makes the absence of such declaration presumptive evidence of the absence of intent in the legislators to affix it as a penalty.

There is another question presented in this case aside from the one of the insufficiency or absence of any law justifying a forfeiture not positively declared, and that is the provisions of the 16th section of the act of June 22, 1874, which provides that in all actions, suits and proceedings for the forfeiture of any goods, wares, or merchandise the distinct proposition whether the acts alleged to be done were done with intent to defraud the United States shall be inquired into, and, unless the intent to defraud be found, there shall be no forfeiture. The language of the section confines it to actions in which an issue or issues of fact are joined, but it may well be considered whether in admiralty issues of fact are not joined by the force of law and practice, even though there may be no answer or appearance. This question has been discussed and decided to a certain extent in the affirmative

by Justice Bradley in U. S. v. The Mollie [Case No. 15,795], and there appear to be good grounds for so considering them, and requiring strict proof in every cause in admiralty, even though the parties in interest may be in default.

Admiralty practice is adapted to, and in a vast majority of cases founded upon, actions in rem, against the thing, not able to answer for itself, while the actual owner is absent, either entirely uninformed as to the condition of his property, or unable to respond in person, often too ill informed as to its circumstances to respond understandingly at all. The very liberality of such practice is intended to throw around the property of absent owners all the protection which the court having it in possession can grant, and although it may not be so much demanded today with steam and telegraphic communication as in the past, yet the spirit of protective equity which has made courts of admiralty trusted abroad as well as at home requires that it should not be disregarded.

In seizures made on land a judgment of condemnation is made on default, but where the seizure is made on water "the court shall hear the case ex parte, and adjudge therein as to what law and justice may appertain;" treating such case as if issue were joined on any question of fact essential to a condemnation. In one of these cases the presumption is that the seizure is from the custody of the actual owners; in the other, that the owners receive no personal notice, and perhaps none at all. Under the section quoted, it is made the duty of the court, where issue of fact has been joined, to consider the proposition of the presence of an intent to defraud, and it seems but reasonable that the same proposition may be considered in cases where it is the privilege and duty of the court to deem such issue of fact joined in practice as in the case of admiralty seizures.

If this position is correct, as I consider it is, it precludes any forfeiture, as there is no allegation of an intent to defraud, nor do the circumstances point to any such intent, and the libel must be dismissed.

[On appeal to the circuit court, the decree of this court was affirmed. 8 Fed. 485.]