UNITED STATES v. ONE FORD AUTOMOBILE AND FOURTEEN PACKAGES OF DISTILLED SPIRITS.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

No. 102.

1. CUSTOMS DUTIES ☞130—INTOXICATING LIQUORS ☞247—CUSTOMS FORFEITURE STATUTE DOES NOT APPLY TO IMPORTATIONS VIOLATING THE PROHIBITION STATUTE.

Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), providing for seizure and forfeiture of merchandise imported in violation of the customs laws, and also any vehicle used in its importation, held not to apply to spirituous liquor, brought into the United States from Canada in violation of the prohibition of Act Aug. 10, 1917, c. 53, § 15 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛l), nor to an automobile used in such importation.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ☞1208(3)—STATUTE CREATING NEW OFFENSE AND PRESCRIBING PUNISHMENT.

Where a statute creates a new offense, by making that unlawful which was lawful before, and prescribes the punishment for such offense, only such punishment can be imposed.

In Error to the District Court of the United States for the Northern District of New York.

Libel by the United States against One Ford Automobile and Fourteen Packages of Distilled Spirits; Robert Tourville, claimant. From the judgment dismissing the libel as to the automobile, libelant brings error. Affirmed.

For opinion below, see 259 Fed. 894.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for the United States.

George J. Moore, of Malone, N. Y., for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge.   [1]  The parties have agreed to a statement of facts of which the following are material: On the 2d of November, 1918, one Robert Tourville and others took a Ford automobile, which he owned and which has been attached in this proceeding, and drove from the county of Franklin, in the state of New York, into the Dominion of Canada, and there procured two quart bottles of Imperial whisky, one quart bottle of Geneva gin, ten two-quart bottles of White whisky, and one jug partly full of White whisky, and loaded the same into this automobile, and then drove from Canada across the international boundary line, back to the county of Franklin, within the Northern district of New York. It is conceded that the contents were distilled spirits, as referred to in the act of August 10, 1917 (40 Stat. 283, § 15 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛*l]*).

Tourville was arrested by the customs authorities of this government. The automobile and the distilled liquors were seized. Tourville and his companions were indicted on December 6, 1918, by the grand jury, for a violation of this act of August 10, 1917. The act prohibits the importation of distilled spirits. Later, on December 10, 1918, Tourville appeared in court, pleaded guilty to the indictment, and was fined in the sum of $50. He paid this fine. The automobile and the liquors were relinquished by the customs authorities to the marshal of the United States for the Northern district of New York, who took possession under a process of seizure pursuant to the libel filed herein. They had no license or permit to take the whisky and gin in question from Canada to New York state, and clearly violated section 15, chapter 53, of the act of Congress of August 10, 1917. That act, however, provides for punishment by fine or imprisonment, or both. It does not provide for seizure or forfeiture, either of the vehicle used in transporting the prohibited liquors or of the distilled spirits smuggled into the country. The act reads as follows:

"From and after thirty days from the date of the approval of this act no foods, fruits, food materials, or feeds shall be used in the production of distilled spirits for beverage purposes: Provided, that under such rules, regulations, and bonds as the President may prescribe, such materials may be used in the production of distilled spirits exclusively for other than beverage purposes, or for the fortification of pure sweet wines as defined by the act entitled 'An act to increase the revenue, and for other purposes,' approved September eighth, nineteen hundred and sixteen. Nor shall there be imported into the United States any distilled spirits. * * * Any person who willfully violates the provisions of this section, or who shall use any foods, fruits, food materials, or feeds in the production of malt or vinous liquors, or who shall import any such liquors, without first obtaining a license so to do when a license is required under this section, or who shall violate any rule or regulation made under this section, shall be punished by a fine not exceeding $5,000, or by imprisonment for not more than two years, or both."

This libel was filed in the month of February, 1919. It alleges that the automobile was the subject of seizure and forfeiture because it was unlawfully used in the importation of the distilled spirits. The libel refers to sections 3061–3082 of the Revised Statutes of the United States (Comp. St. §§ 5763–5765, 5767–5785), and claims further support under the act of August 10, 1917.

Section 3062 of the Revised Statutes provides:

"Every such vehicle and beast, or either, together with teams or other motive power used in conveying, drawing, or propelling such vehicle or merchandise, and all other appurtenances, including trunks, envelopes, covers, and all means of concealment, and all the equipage, trappings, and other appurtenances of such beast, team, or vehicle, shall be subject to seizure and forfeiture. If any person who may be driving or conducting, or in charge of any such carriage or vehicle or beast, or any person traveling, shall willfully refuse to stop and allow search and examination to be made as herein provided, when required so to do by any authorized person, he shall be punishable by a fine of not more than one thousand dollars, nor less than fifty dollars."

The sections of the Revised Statutes (sections 3061–3082, inclusive) are provisions of the customs law, and are applicable only to such goods as are taxable under the law. They have no application, however, to the case of merchandise which cannot be entered in the custom house at all. By the act of August 10, 1917, it is an offense to import distilled spirits, and the act prescribes a new and specific punishment for its violation. It was a war measure. The customs law statutes referred to do not make it a crime to bring in distilled spirits into the United States from the Dominion of Canada, and it was not until August 10, 1917, that such action constituted a breach of the criminal law. This act makes no reference to any other statute, and if a forfeiture be granted now of the automobile of the defendant in error, it would be imposing added punishment not provided for in the statute. Indeed, it would be a double punishment for the commission of one offense, and this is not permissible. The customs laws referred to have for their purpose and intention a prevention of smuggling merchandise into the United States. It was intended to provide custom duties to be paid for the importations. After August 10, 1917, Tourville could not bring distilled liquors into the United States, irrespective of the customs law.

The government, on finding the indictment, elected to proceed un-

der the statute of August 10, 1917, and having done so, it cannot now invoke the aid of the customs law, in its endeavor to successfully maintain the libel for forfeiture of the vehicle of transportation.

[2] The power to prescribe the offense carries the power to name and define the punishment as Congress may determine, under the Constitution restrictions. A statute may provide for a prohibition against an act or damage which will constitute a new crime, and may prescribe a punishment by penalty for the breach of such a crime, but such punishment as prescribed by the statute only can be imposed for the commission of the offense. A statute may provide both a civil remedy and a criminal punishment. McBroom v. Scottish Co., 153 U. S., 318, 14 Sup. Ct. 852, 38 L. Ed. 729; Barnet v. National Bank, 98 U. S. 555, 25 L. Ed. 212; Farmers, etc., Nat. Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196; People v. Stevens, 13 Wend. (N. Y.) 341.

In interpreting what is meant by the statute, we must follow strictly its provision in regard to the punishment prescribed (1 Wharton's Criminal Law [11th Ed.] § 31), and, of course, the fact that a statute provides a civil remedy for an offense does not prevent the imposition of criminal punishment. The creation of a new offense, however, by statute making that unlawful which was lawful before, and prescribing a penalty therefor, the prosecution and punishment under such act must be in accordance with the terms of that act. U. S. v. 90 Demijohns, Case No. 15,887, 27 Fed. Cas. 167; Bags of Sugar, Case No. 14,324, 24 Fed. Cas. 505.

We find that, upon examination of the act of August 10, 1917, there is made a new offense to import distilled liquors as the defendants named in the indictment did import them, and prescribed a punishment by fine or imprisonment, or both. Thus the statute is complete, and it makes no reference to any other statute which would give rise to a right of action for forfeiture of the vehicle of transportation, and we cannot add to the punishment already inflicted upon Tourville the forfeiture of his automobile.

For the reasons here announced, it was erroneous to sustain the libel, in so far as the District Court granted seizure of the distilled spirits. While the question is not presented to us by the plaintiff in error, and the defendant in error has not taken an appeal, we announce our view, since the United States attorney invited our consideration of this on the oral argument.

The judgment is affirmed.