### THE GOODHOPE.

(District Court, W. D. Washington, N. D. October 14, 1920.)

#### No. 5417.

Customs duties ⬥133—Intoxicating liquors ⬥244—National Prohibition Act procedure for forfeiture of vehicles exclusive.

A gasoline launch, used to unlawfully import liquor from Canada, was not forfeitable under Rev. St. § 3061 et seq. (Comp. St. § 5763 et seq.), but only under the National Prohibition Act, § 26, as to forfeiture of vehicles when transporting liquor; the latter remedy being exclusive, and section 3061 et seq. applying only where the article imported is merchandise and can be entered at the custom house.

Libel for Forfeiture. Information by the United States against the Goodhope, a gasoline launch, her engines, etc. On exceptions to the sufficiency of the libel. Exceptions sustained.

Robert C. Saunders, U. S. Atty., of Seattle, Wash., and F. R. Conway, Asst. U. S. Atty., of Tacoma, Wash.

Bronson, Robinson & Jones, of Seattle, Wash., for claimant.

NETERER, District Judge. A libel of information has been filed against the gasoline launch Goodhope, 5 net tons burden, charging that on the 13th day of June, 1920, one Ernest Kruse, then in charge of said launch, did knowingly, willfully, fraudulently, and with intent to defraud the revenue of the United States, import and bring into the United States from the Dominion of Canada, a foreign place, 439 quarts of spirits, distilled from grain and other materials, merchandise of foreign manufacture, then subject to duty by law, and also 439 glass bottles, appraised by the collector of customs at $21.95, and subject to

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

duty; that the launch was appraised under the direction of the collector of customs at $1,900, and that the launch is in possession of the collector of customs; and it prays that the launch be condemned and forfeited to the United States, in accordance with the provisions of sections 3061–3082, 3095–3099 and 2865, Rev. Stat. (Comp. St. §§ 5763–5765. 5767–5785, 5807–5811, 5548).

The claimant has excepted to the sufficiency of the libel, on the ground that the statute upon which it is based does not authorize the forfeiture. It is contended by the claimant that the Eighteenth Amendment and the National Prohibition Act (41 Stat. 305) supersede the sections of the statute upon which the right to forfeit is predicated. Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946, decided June 7, 1920.

The Eighteenth Amendment provides (section 1) :

"After one year from the ratification of this article the manufacture. sale. or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof, for beverage purposes, is hereby prohibited."

From this it appears that intoxicating liquors may be imported, except "for beverage purposes."

Section 3. title 2, National Prohibition Act, provides:

"No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, except as authorized in this Act, * * * liquor for non-beverage purposes * * * may be * * * imported * * * but only as herein provided, and the Commissioner may, upon application, issue permits therefor. * * * "

Section 35, title 2, of the act, supra, provides:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall * * * not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor."

It is apparent from the provisions of this act that intoxicating liquor may be imported for nonbeverage purposes. It is likewise manifest that the provisions of this act shall not in any way interfere with the operation of existing law, except where it is inconsistent, and the act expressly provides that persons shall not be relieved from any taxes or other charges imposed upon the traffic in such liquor. Traffic means commerce, trade, sale, or exchange of merchandise; to buy, sell, or trade. Bouvier, Law Dict.; Levine v. State, 35 Tex. Cr. R. 647, 34 S. W. 969. Traffic may be state or interstate. Ft. Worth & D. C. Ry. Co. v. Whitehead, 6 Tex. Civ. App. 595, 26 S. W. 172. It is likewise manifestly apparent that traffic may be domestic or foreign.

In order, however, that intoxicating liquors may have a legal status as merchandise, it must come into the United States in harmony with the provisions of the Prohibition Act, supra, which requires as a prerequisite a permit from the Commissioner. No permit having been issued, it could not be entered at the custom house; it was contraband

the instant it came into the United States, and the vessel carrying it was subject to forfeiture under section 26 of the act, supra. Section 3061 et seq., supra, have application only where it is merchandise and can be entered at the custom house. U. S. v. One Ford Automobile, (C. C. A.) 262 Fed. 374. Forfeiture depends upon the statute. U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555. The taking and detention must be in harmony with the statute. U. S. v. 267 Gold Pieces, et al. (D.C.) 255 Fed. 217. The Prohibition Act, supra, provides a procedure for forfeiture of vehicles when transporting liquor, contrary to its provisions, and the remedy is exclusive. U. S. v. Hydes (D. C.) 267 Fed. 470, filed July 24, 1920.

Nor can subsection 83, § 5291, U. S. Comp. Stat., which makes dutiable glass bottles (containers of the contraband liquor), aid libelant, since section 25, title II, Prohibition Act, includes containers, together with the liquor, and makes all subject to disposition by the court.

The exceptions are sustained.