### UNITED STATES v. ONE HUDSON TOURING CAR.

#### (District Court, E. D. Michigan, S. D. August 26, 1921.)

#### No. 6406.

1. Customs duties ⬅130—Good faith or innocence of owner of automobile seized does not prevent forfeiture.

   The good faith or entire innocence of the owner of an automobile seized for violation of the revenue laws furnishes no reason why such automobile should not be forfeited to the United States and sold in accordance with the applicable statutes; the question of good faith being immaterial in libel proceedings to enforce such forfeiture and sale.

2. Customs duties ⬅2—Provisions in customs laws for seizure of vehicles used in unlawful importation repealed by Volstead Act.

   The provisions of the customs laws (Rev. St. §§ 923, 3062 [Comp. St. §§ 1549, 5764]), providing that every vehicle carrying merchandise subject to duty or unlawfully imported shall be subject to seizure and forfeiture, etc., have been repealed, in so far as they related to intoxicating liquors imported into the United States for beverage purposes, by the National Prohibition Act, popularly known as the Volstead Act, which covers the subject-matter fully in title 2, § 25.

In Equity. Libel by the United States against one Hudson touring car. Libel dismissed.

John E. Kinnane, U. S. Atty., of Detroit, Mich.
Kerr & Lacey, of Detroit, Mich., for intervening libelant.

TUTTLE, District Judge. This is a libel filed by the United States, through the United States attorney for this district, against a certain

automobile alleged therein to have been seized by United States customs officials, on the ground that it was used in importing into this country certain whisky clandestinely and secretly, concealed in said automobile, without the payment of the customs duty thereon to the United States and without an entry thereof being made at the United States customs house, with intent to defraud the United States. The libel prays that said automobile be declared forfeited to the United States and sold or disposed of under the directions of this court, pursuant to the provisions of sections 923 and 3062 of the United States Revised Statutes (Comp. St. §§ 1549, 5764).

The Federal Insurance Company has filed an intervening libel, from which it appears that the automobile mentioned was stolen from its owner shortly prior to its use and seizure as aforesaid; that it had previously been insured by the owner against theft, with said company as insurer thereof; and that the latter subsequent to the theft paid the amount of such insurance to such owner and received from him an assignment of his right, title, and interest in said automobile. The intervening libel prays that the libel filed by the government against the automobile be dismissed, and that an order be entered directing that such automobile be delivered to the intervening libelant as the present owner thereof.

[1] It is now settled that the good faith or even the entire innocence of an owner of an automobile seized for violation of the revenue laws furnishes no reason why such automobile should not be forfeited to the United States and sold in accordance with the applicable statutes, and the question as to such good faith is immaterial in libel proceedings to enforce such forfeiture and sale. Grant Co. v. United States, 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. ——. If, therefore, that were the only objection available and the only question involved herein, it would be necessary to deny the prayer of the intervening libelant.

[2] A more serious question presents itself, which is whether the provisions of the customs laws, under which this automobile was seized and is sought to be thus forfeited, have been repealed, in so far as they relate to intoxicating liquors imported into the United States for beverage purposes, by the National Prohibition Act, popularly known as the Volstead Act (41 Stat. 305). As already noted, the statutory provisions relied on by the government in its libel herein are sections 923 and 3062 of the United States Revised Statutes. Section 3062 provides that every vehicle carrying merchandise which is subject to duty, or has been unlawfully imported into the United States, shall be subject to seizure and forfeiture. Section 923 prescribes the procedure to be followed in enforcing such forfeiture.

As the grounds on which the libel of the government is based are that the automobile seized was used in bringing into this country, with intent to defraud the government, intoxicating liquor on which the proper customs duty had not been paid, and of which the requisite customs entry had not been made, it is necessary to inquire whether the payment of any such duty or the making of any such entry was

required by law.   When the various federal statutes, including those here involved, governing the enforcement of the customs laws were passed by Congress, the importation of intoxicating liquors for beverage purposes into the United States was lawful and the only object of such statutes was to protect the revenue by providing a method for the collection of the duties imposed upon merchandise, including such intoxicating liquors, so imported.

The enactment of the Volstead Act marked a complete departure by the government from its former policy with respect to the importation of intoxicating liquors for beverage purposes.   By that act such importation for such purposes was absolutely forbidden.   It is clear, therefore, that thereafter there could be no intoxicating liquors imported for beverage purposes on which any customs duty could be paid or of which any customs entry could be made.   It follows that any statute then in force providing for such payment or entry, together with any statutes imposing, or prescribing the mode of enforcing, penalties for the failure to make any such payment or entry, were thus repealed by necessary implication.   United States v. Yuginovich, 255 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. —— (decided by United States Supreme Court June 1, 1921); Reed v. Thurmond, 269 Fed. 252 (C. C. A. 4).

Furthermore, aside from the effect of the Volstead Act, and even if the customs laws regulating the importation of intoxicating liquors for beverage purposes were not repealed by that act, the same result would follow from the inconsistency between such customs laws and the Eighteenth Amendment to the federal Constitution, prohibiting the importation of intoxicating liquors into the United States for beverage purposes.   Regardless of any other consideration, as the laws referred to impliedly recognize and assume the legality of such importation when accompanied by compliance with the regulations thereby prescribed, every such statute, if attempted to be applied to the importation of beverage intoxicating liquors, is clearly unconstitutional and void.

It may be proper, also, to point out that, if it should be, as it is not, contended that section 3062 of the Revised Statutes is broad enough in its terms to be applicable to any unlawful importation of intoxicating liquor, and therefore can be invoked for the forfeiture of an automobile used in violation of the Volstead Act, the fallacy of any argument along that line is made apparent by consideration of the fact that title 2, section 25, of the Volstead Act, fully and comprehensively prescribes the procedure applicable to the seizure and disposition of a vehicle used in violation of that act.   This section of the statute, therefore, completely covers the ground of the analogous section of the customs statute heretofore referred to, which is thus superseded to that extent and repealed.

As the statutes upon which the libel herein is based are not now in force to the extent that they relate to the importation of intoxicating liquors except for nonbeverage purposes, it would be necessary, under familiar rules of pleading, if the government wished to invoke such

statutes in such a case as the one at bar, that its indictment or libel should negative the exception mentioned. Its failure to do so in the instant case must be taken as indicating that the intoxicating liquors referred to therein were imported for beverage purposes, and the libel is considered on that assumption.

For the reasons stated, the libel must be dismissed, and an order will be entered in conformity with the terms of this opinion.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes