## UNITED STATES v. McKENZIE.

(District Court, E. D. Michigan, S. D. September 8, 1922.)

No. 7545.

1. **Customs duties ⬅121—National Prohibition Act and Eighteenth Amendment repealed statute relating to collection of duties on imports, in so far as it applied to smuggling of liquor.**

Rev. St. § 3082 (Comp. St. § 5785), in so far as it denounces the smuggling of liquor into the United States, was repealed by National Prohibition Act and Const. Amend. 18; the only purpose of such section 3082 being to prevent the importation of liquor without payment of duties imposed by the customs laws.

2. **Intoxicating liquors ⬅132—Statute held inapplicable to prosecution under indictment filed prior to its enactment.**

Act Nov. 23, 1921, supplemental to the National Prohibition Act, continuing in force the laws relating to intoxicating liquor, in force when the National Prohibition Act was enacted, not in conflict with such act, *held* not applicable to prosecution under indictment filed prior to enactment of such Act of 1921.

Kenneth McKenzie was indicted for importing intoxicating liquor for beverage purposes into the United States from Canada. On motion to quash count of indictment. Motion granted.

Earl J. Davis, U. S. Atty., and Frederic L. Eaton, Asst. U. S. Atty., both of Detroit, Mich.

McClear, Stein & Sarbaugh, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion to quash a certain count in an indictment. The sole question presented is whether such count is sufficient in law.

The indictment contains three counts. The first charges the defendant with having imported from Canada into the United States, at a specified time, certain intoxicating liquor fit for beverage purposes, consisting of a specified quantity of whisky and of gin, in violation of the National Prohibition Act (41 Stat. 305). In the second count the defendant is charged with having transported the same quantity and kind of intoxicating liquor, and at the same time, as alleged in the first count, from Ontario, Canada, across the Detroit river to the city of Detroit, in this district, without first having obtained a permit authorizing such transportation, in violation of the same statute. The third count charges that, at the time aforesaid, at said city of Detroit, the defendant—

"did fraudulently, knowingly, feloniously, and unlawfully import, smuggle, and clandestinely bring into the United States of America from a certain foreign port and place, in the province of Ontario, Dominion of Canada, certain goods, wares, and merchandise of foreign manufacture, consisting of, to wit, five cases of whisky, and, to wit, five cases of gin (the same quantity and kind of intoxicating liquor as were mentioned in the previous counts), which said goods, wares, and merchandise were then and there imported and brought into the United States contrary to law, in that the said goods, wares, and merchandise, to wit, intoxicating liquor fit for beverage purposes were prohibited from being imported into the United States under and by virtue

of the Eighteenth Amendment to the Constitution of the United States and the National Prohibition Act."

This third count, whose sufficiency is here involved, is based on section 3082 of the Revised Statutes of the United States (Comp. St. § 5785). That statute provides in full as follows:

"If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

It will be noted that the principal element of the crime charged in the third count under section 3082 is the importation into the United States of intoxicating liquor for beverage purposes "contrary to law, in that the said" intoxicating liquor was "prohibited from being imported into the United States under * * * the National Prohibition Act." It will also be observed that the punishment imposed for violation of section 3082 is a fine not exceeding $5,000, or imprisonment for any time not exceeding two years, or both.

The Revised Statutes were contained in and enacted by the act of Congress of June 22, 1874, entitled "An act to revise and consolidate the statutes of the United States in force on the first day of December, anno Domini one thousand eight hundred and seventy-three." The act was divided into 74 titles, arranged and classified according to subject-matter, which were further divided into appropriate chapters, containing in all 5,601 sections. Title 34 was entitled "Collection of Duties upon Imports," and dealt with that subject. Chapter 10 of this title was entitled "Enforcement of Duty Laws and Punishment for Violations." The sections of this chapter included section 3082, now under consideration. It seems plain that said section was intended by Congress to be, and is, one of the statutory provisions of the United States customs laws, and that the purpose thereof was to make criminal, and to impose a criminal punishment for, every importation of merchandise contrary to some customs regulation prescribing the manner in which merchandise shall be declared, entered, or otherwise handled in connection with the customs office and officers, where any such regulation does not, standing by itself, constitute a crime punishable by fine or imprisonment.

[1] In view, then, of the effect of the Eighteenth Amendment and of the National Prohibition Act upon the force and application of the customs laws of the country with respect to the importation of intoxicating beverages, and of the inconsistency between the former and the latter, I am satisfied, after careful consideration of the question involved, and of the arguments advanced by counsel for the parties hereto, that section 3082 of the Revised Statutes was so far repealed by the National Prohibition Act that it cannot be made the basis of

the third count of the indictment in the present case. United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043; United States v. One Ford Automobile (C. C. A. 2) 262 Fed. 374; Goldman v. United States (C. C. A. 5) 263 Fed. 340; The Goodhope (D. C.) 268 Fed. 694; United States v. One Hudson Touring Car (D. C.) 274 Fed. 473; United States v. Dowling (D. C.) 278 Fed. 630. As was pointed out by this court in United States v. One Hudson Touring Car, supra:

"When the various federal statutes * * * governing the enforcement of the customs laws where passed by Congress, the importation of intoxicating liquors for beverage purposes into the United States was lawful, and the only object of such statutes was to protect the revenue by providing a method for the collection of the duties imposed upon merchandise, including such intoxicating liquors, so imported. The enactment of the Volstead Act marked a complete departure by the government from its former policy with respect to the importation of intoxicating liquors for beverage purposes. By that act such importation for such purposes was absolutely forbidden. It is clear, therefore, that thereafter there could be no intoxicating liquors imported for beverage purposes on which any customs duty could be paid or of which any customs entry could be made. It follows that any statute then in force providing for such payment or entry, together with any statutes imposing, or prescribing the mode of enforcing, penalties for the failure to make any such payment or entry, were thus repealed by necessary implication."

The government has invoked the following provision of the so-called act supplemental to the National Prohibition Act, approved November 23, 1921 (42 Stat. 223, § 5):

"That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other. All taxes and tax penalties provided for in section 35 of title II of the National Prohibition Act shall be assessed and collected in the same manner and by the same procedure as other taxes on the manufacture of or traffic in liquor."

[2] As, however, the indictment in the present case was filed, and the acts therein charged occurred, prior to the enactment of the statute just mentioned, the latter cannot be, even if it might otherwise be (on which question no opinion is expressed), applicable to the present case, and it is therefore unnecessary to consider such statute.

It results from the foregoing views that the third count of the indictment must be quashed, and an order will be entered accordingly.