### UNITED STATES v. ONE PACKARD MOTOR TRUCK.

(District Court, E. D. Michigan, S. D.    October 30, 1922.)

No. 492.

1. **Customs duties ⬅130—Provisions of customs laws for forfeiture of vehicles used in unlawful importations repealed, as applied to liquors, by Prohibition Act.**

   The provisions of the customs statutes for forfeiture of vehicles used in unlawful importations, as applied to intoxicating liquors and their containers, are repealed by National Prohibition Act, tit. 2, §§ 25, 26, which cover the same subject.

2. **Intoxicating liquors ⬅247—Arrest and conviction of person in charge of vehicle used in transportation essential to forfeiture proceedings.**

   To authorize the forfeiture of a vehicle as having been used for illegal transportation of liquors, under National Prohibition Act, tit. 2, § 26, the person in charge must previously have been arrested and convicted.

In Equity. Proceeding by the United States against one Packard motor truck. On petition for return of truck to owner. Granted.

Stevens T. Mason, of Detroit, Mich., for petitioner.
Earl J. Davis, of Detroit, Mich., U. S. Atty.

TUTTLE, District Judge. This is a petition for the return of the respondent truck, which petitioner alleges was wrongfully seized and is now being unlawfully detained by certain United States customs officers, who threaten to forfeit the same pursuant to certain sections of the federal statutes providing for seizure and forfeiture of property for violation of the revenue laws, and prescribing the procedure in such cases.

Petitioner alleges that said truck, which belonged to it, was so seized on the ground that it was being loaded with a quantity of Canadian beverage beer, which was being imported into this country secretly, with intent to defraud the United States, and that such truck is now being held, and the said customs officers have refused to deliver it to

petitioner upon demand, and are declaring that it will be forfeited and disposed of pursuant to the statutes mentioned. Petitioner further avers that it had no knowledge that the truck in question was to be used for illegal purposes and that it is innocent of any guilt in connection with such use. It therefore prays that the return of said truck to petitioner be ordered by this court and the proceedings herein be dismissed.

The answer filed by the collector of customs for the port of Detroit does not deny any of the allegations of the petitioner just referred to, but alleges that the aforesaid grounds are sufficient to justify the seizure and forfeiture; that said truck was so seized on August 22, 1922, on the bank of the River Rouge, a small river tributary to the Detroit river, in this district, while nearly 4,000 pint bottles containing beer, with a Canadian label and purporting to have been manufactured in Canada, were being transported from a motorboat lying at the bank of said river; that said beer was intoxicating liquor, and was being unlawfully imported from Canada into the United States; that the point where it was being so unloaded was not a port of entry, and said motorboat was landing a cargo of merchandise consisting of glass bottles containing the said beer at an unauthorized place of entry, and without examination and inspection by any customs officer, and that the same was being imported in violation of the Revised Statutes referred to, and also in violation of the National Prohibition Act (41 Stat. 305); that said truck and motor boat are in the custody of the said collector of customs, awaiting proceedings warranted by law; that said bottles were contained in cartons, each of which contained 24 bottles, and that upon said cartons were the words "Manufactured in Toronto," and upon each of the bottles was a label stating that the contents were beer and were manufactured in Windsor, Canada; and that "the party or parties engaged in importing and smuggling said Canadian merchandise made their escape and were not apprehended, and no arrest or complaint has been made in the case."

[1] It will be noted that the government officials contend that the beer in question was being imported from Canada into the United States in violation of the customs laws, and also in violation of the Prohibition Act. Before the enactment of the latter act, the only illegality involved in an unlawful importation of such liquor was the violation of one or more of the customs laws. The Prohibition Act makes all importation of such beverage intoxicating liquor unlawful, unless expressly authorized by such act. The customs statutes, then, provide for the seizure and forfeiture of vehicles used in bringing such liquor into this country unlawfully, and prescribe the manner in which, and the procedure under which, such forfeiture is to be enforced. The Prohibition Act also expressly, and in broad terms, in title 2, §§ 25 and 26, thereof, provides for the seizure and forfeiture of any vehicle used, with the knowledge of its owner, in importing any of such beverage intoxicating liquor into the United States "contrary to law." Whenever such liquor is imported in violation of the customs statutes, and also of the Prohibition Act, such vehicle is, so far as the language of the statutes is concerned, subject to seizure and forfeiture under both laws. The seizure and forfeiture provisions, then, of sections 25 and 26 of title 2 of the Prohibition Act, cover the same ground as the

forfeiture provisions of the customs laws applicable to illegal importation. The procedure, however, prescribed for the execution of such a forfeiture under the Prohibition Act is different and less harsh than that prescribed by the customs statutes. The customs statutes, therefore, having been enacted earlier, are by necessary implication repealed by the subsequently enacted sections of the Prohibition Act just cited. United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043; Lewis v. United States, 280 Fed. 5 (C. C. A. 6); United States v. Dowling (D. C.) 278 Fed. 630; United States v. One Paige Automobile (D. C.) 277 Fed. 524; United States v. One Haynes Automobile, 274 Fed. 926 (C. C. A. 5); United States v. One Hudson Touring Car (D. C.) 274 Fed. 473; Farley v. United States (C. C. A.) 269 Fed. 721 (C. C. A. 9); Reed v. Thurmond, 269 Fed. 252 (C. C. A. 4); United States v. One Haynes Automobile (D. C.) 268 Fed. 1003; The Goodhope (D. C.) 268 Fed. 694; United States v. Puhac (D. C.) 268 Fed. 392; United States v. Yuginni (D. C.) 266 Fed. 746; United States v. Windham (D. C.) 264 Fed. 376.

[2] Among the jurisdictional requisites, however, for the forfeiture of such a vehicle under the Prohibition Act, are the arrest and conviction of the person in charge of such vehicle at the time of its seizure; and as, by the government's own admission, no such person has been convicted or arrested in the present case, at least one of the necessary conditions upon which such forfeiture must be based is lacking, and, under previous decisions of this court, the truck in question cannot be forfeited under the Prohibition Act. United States v. One Buick Roadster (D. C.) 276 Fed. 407. In view, then, of the inapplicability of the forfeiture provisions of the customs laws, and of the absence of jurisdictional requirements prescribed by the applicable section of the Prohibition Act, the vehicle involved cannot, under any law known to this court, or on any ground advanced by the government in this case, be forfeited.

It is urged by the government that the truck was rightly seized and is liable to forfeiture because the beer in question was contained in glass bottles which constituted merchandise that was being imported in violation of the customs statutes invoked. I cannot agree with this contention. Section 25 of the National Prohibition Act provides for the seizure, not only of intoxicating liquor, but also of "the containers thereof," and provides further that "such property" so seized shall be subject to disposition by the court. Section 26 specifies, as already noted, the manner in which the "property seized" shall be disposed of. It is apparent that these sections have superseded the analogous and earlier customs laws here involved in respect to the unlawful importation of not only intoxicating liquor, but also of the "containers" thereof, necessarily including, among other things, bottles and cartons such as those now under consideration. The Goodhope, supra.

I conclude that the petition must be granted, and an order will be entered directing the return of the respondent vehicle as prayed.