## BOOKBINDER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. March 13, 1923.)

No. 2907.

1. **Statutes ⚌159—Rule stated as to repeal by implication in case of inconsistency.**

If an act is so repugnant to, or so contradictory of, or so irreconcilably in conflict with a prior act that the two acts cannot be harmonized, and the purposes of both cannot be given effect, the later act operates, without any repealing clause, as a repeal of the former to the extent of the inconsistency.

2. **Statutes ⚌158—Repeal by implication not favored.**

Repeal by implication is not favored. The presumption is always against the intention to repeal, where express terms are not used and the implication, to be operative, must be necessary. It must clearly appear that it was the intention to enact a new law in place of the old law.

3. **Customs duties ⚌121—Rev. St. § 3082, so far as relates to receiving and concealing liquor imported contrary to law, not repealed by Prohibition Act.**

Rev. St. § 3082 (Comp. St. § 5785), in so far as it makes it an offense to knowingly receive or conceal merchandise imported contrary to law, and as applied to intoxicating liquors imported for beverage purposes, is not repealed by the National Prohibition Act, which contains no provision making such receiving or concealing an offense.

4. **Customs duties ⚌125—"Possession" of liquor not the same thing as "receiving" or "concealing" it.**

"Possession" of liquor, made an offense under some circumstances by National Prohibition Act, is not the same thing as "receiving" or "concealing" it, which, when done knowing it to have been imported contrary to law is made an offense by Rev. St. § 3082 (Comp. St. § 5785).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conceal—Concealment; Possession.]

5. **Customs duties ⚌125—Merchandise imported "contrary to law" means contrary to any law.**

Rev. St. § 3082 (Comp. St. § 5785) making it an offense to receive or conceal merchandise knowing it to have been imported "contrary to law," embraces merchandise imported contrary to any law in force at the time of the alleged violation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contrary to Law.]

6. **Customs duties ⚌125—Liquor, though imported for beverage purposes, in violation of Prohibition Act, is "merchandise."**

Intoxicating liquor imported for beverage purposes, and therefore contrary to National Prohibition Act, and not dutiable, is "merchandise" as that term is used in Rev. St. § 3082 (Comp. St. § 5785).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

7. **Customs duties ⚌126—Search warrant held lawfully issued on affidavit of customs agent.**

Under Rev. St. § 3066, as amended (Comp. St. § 5769), a search warrant may lawfully issue on the affidavit of one charged with enforcement of the customs laws that merchandise has been imported contrary to law, though based only on information and belief.

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. **Criminal law** ⚙═395—**Liquor seized under valid search warrant may be used as evidence in prosecution for crime not charged in affidavit.**

Liquors lawfully obtained under a valid search warrant may be used as evidence in a prosecution for an offense different from that charged against the defendant in the affidavit on which the search warrant was issued.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Criminal prosecution by the United States against Emanuel Bookbinder. Judgment of conviction, and defendant brings error. Affirmed.

Certiorari denied 43 Sup. Ct. 523, 67 L. Ed. ——.

See, also, 278 Fed. 216; 281 Fed. 206, 207.

J. Washington Logue and David Phillips, both of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., and John Robert Jones, Sp. Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. On a search warrant issued by a United States Commissioner, an Inspector of Customs searched the premises of Emanuel Bookbinder, in Philadelphia, and seized more than 300 cases of liquor. In September, 1921, Bookbinder was indicted. The indictment contained two counts. The first charged him with the unlawful possession of intoxicating liquors for beverage purposes upon premises occupied by him as a restaurant, in violation of the National Prohibition Act. Act of October 28, 1919, c. 85, 41 Stat. 305. The second count charged that he did unlawfully "receive and conceal certain merchandise," to wit, intoxicating liquors of the brands named, "knowing the same to have been imported into the United States contrary to law;" that the merchandise was imported into the United States without a permit as provided by the National Prohibition Act; without having been examined by a duly authorized official of the Treasury Department of the United States; without having been duly marked and labeled; and without payment of duty, as required by law.

In view of the charge of importation without payment of duty, the court, at the conclusion of the government's case, required the district attorney to elect whether he would press for conviction upon the ground that the liquor in question had been imported contrary to the National Prohibition Act or contrary to the Customs Laws. The district attorney elected to proceed on the ground that the liquor received and concealed by the defendant was liquor known by him to have been imported in violation of the National Prohibition Act, thus bringing it within the class of liquor imported for beverage purposes and excluding it from the class of liquor imported by permit for nonbeverage purposes subject to payment of duty.

The jury rendered a verdict of guilty on both counts. Under the first count the court sentenced the defendant to pay a fine and under the second count to pay a fine and be imprisoned. The case is here on the

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant's writ of error. The many assignments of error raise a number of questions, of which the most important are these:

Whether Section 3082 of the Customs Laws (Comp. St. § 5785), in so far as it relates to receiving and concealing liquors imported for beverage purposes, was repealed by the National Prohibition Act and, if not, whether in view of the National Prohibition Act the cited section applies?

This provision of the Customs Laws reads as follows:

"If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment. or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

The repeal of statutes is solely a function of the legislative department of the government. It may perform this function in two ways: First, by express language; and second, by the implication of a subsequent enactment. Whether done in the latter way can only be determined by construing the later statute. This, like the construction of all statutes, is a function of the judicial department. In performing it, the courts do not in any sense repeal a statute but simply determine whether the Congress has itself effected a repeal by implication.

[1-3] Courts, careful not to impinge upon legislative authority, always approach such a question with caution. Accordingly, they have provided for their guidance certain principles, now established by long usage. Briefly stated, these recognize that, if an act is so repugnant to, or so contradictory of, or so irreconcilably in conflict with, a prior act that the two acts cannot be harmonized and the purposes of both cannot be given effect, the later act is accepted as an expression of the legislative will and operates, without any repealing clause, as a repeal of the former to the extent of the inconsistency. But repeal by implication is not favored and will not be indulged in if there is any other reasonable construction. The presumption is always against the intention to repeal where express terms are not used, and the implication, in order to be operative, must be necessary. It must clearly appear from the statute under construction that it was the intention of the Congress to enact a new law in place of the old law. See 25 R. C. L. 1914–1924, and cases. Keeping these elemental principles in mind, we come to the question raised by the plaintiff in error, whether the Congress intended to repeal Section 3082 of the Customs Laws by later enacting the National Prohibition Act.

The plaintiff in error says it did, and for authority has cited the following cases: United States v. Dowling (D. C.) 278 Fed. 630; United States v. One Ford Automobile (C. C. A. 2d) 262 Fed. 374; The Goodhope (D. C.) 268 Fed. 694; Lewis v. United States (C. C. A. 6th) 280 Fed. 5; United States v. McKenzie (D. C.) 283 Fed. 667; United

States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff, Brooks v. United States, and United States v. Remus (26, 197 and 403, October Term 1922, Supreme Court) 43 Sup. Ct. 197, 67 L. Ed. ——. In these cases courts have held that certain provisions of the Customs Laws have been impliedly repealed by provisions of the National Prohibition Act where the latter act has dealt with the same subjects and has provided new penalties. Therefore it will be necessary to examine these cases with reference to their bearing on the particular provision of the Customs Laws—R. S. § 3082—here in question.

Lewis v. United States (C. C. A.) 280 Fed. 5; The Goodhope (D. C.) 268 Fed. 694, and United States v. One Ford Automobile & Fourteen Packages of Distilled Spirits (C. C. A.) 262 Fed. 374, are cases which arose under R. S. §§ 3061, 3062 and 3450 (Comp. St. §§ 5763, 5764, 6352), providing for seizure and forfeiture of merchandise imported in violation of the Customs Laws and also for seizure and forfeiture of the vehicles or conveyances used in its transportation. It was held that these sections were repealed by the National Prohibition Act. The plaintiff in error maintains that these cases are authority for his contention that that part of R. S. § 3082, which makes it unlawful for a person to receive and conceal merchandise imported contrary to law, "knowing the same to have been imported contrary to law," was also repealed by the National Prohibition Act. We do not regard these cases as authority for this contention because the National Prohibition Act made special provision for the forfeiture of merchandise of a given kind unlawfully imported and for the forfeiture of vehicles transporting the same, and therefore in these cases it might with reason be held that the National Prohibition Act, the later enactment, impliedly repealed the provisions of the Customs Laws touching the same subjects. But we are dealing here not with the importation of merchandise contrary to law, or with the seizure and forfeiture of merchandise unlawfully imported, or with the seizure and forfeiture of its facilities of transportation, but with the altogether different offense denounced by R. S. § 3082 of knowingly receiving and concealing merchandise which has been imported contrary to law. If the National Prohibition Act deals with and prescribes a new punishment for this offense, then perhaps that part of Section 3082 under which the plaintiff in error was indicted might thereby have been repealed. But, like the Act of August 10, 1917, § 15 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛l), prohibiting the importation of distilled spirits, and the Act of November 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115 ¹¹/₁₂f–3115 ¹¹/₁₂h), prohibiting the importation of intoxicating liquors during the continuance of the war, the National Prohibition Act of October 28, 1919, neither denounces nor prescribes a penalty for receiving and concealing liquor imported contrary to law. Goldberg v. United States (C. C. A.) 277 Fed. 211, 218. This difference between the facts of the cases cited and the case at bar and the difference between the law applicable to their facts deprive these decisions of authoritative force in determining the question before us.

The plaintiff maintains with confidence that the case at bar is con-

trolled by the decisions of the Supreme Court in United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, and in the companion cases of United States v. Stafoff, Brooks v. United States, and United States v. Remus (26, 197 and 403 October Term 1922, Supreme Court) supra. The decisions in the last three cases, recently rendered, add nothing to the decision in the Yuginovich Case. They simply sustain the Yuginovich Case on the law as it stood before the Act Supplemental to the National Prohibition Act, passed November 23, 1921 (42 Stat. 222). But the distinction we have made between the three cases just discussed and the case at bar may with equal force be made between the Yuginovich case and this case. The Yuginovich Case arose under still different sections of the Customs Laws. These were R. S. §§ 3267, 3279, 3282 (Comp. St. §§ 5993, 6019, 6022), relating to offenses of distilling spirits in a building other than an authorized distillery, without a sign exhibited, and without giving bond. The Supreme Court held the National Prohibition Act, a later statute, covered the same offenses and therefore repealed the former acts. Again we say the matter which distinguishes this case from the case at bar is that while the National Prohibition Act prohibits the importation of liquor for beverage purposes and imposes a penalty therefor—an offense with which the defendant below was not charged—it neither denounces as an offense, nor prescribes a penalty for, the act of receiving and concealing unlawfully imported liquor.

And the same difference maintains between the case of United States v. McKenzie (D. C.) 283 Fed. 667, and the case at bar. There the court held that the identical section (R. S. § 3082) was repealed by the National Prohibition Act. In that case the charges of the indictment were the importation, transportation, and the smuggling of liquors, all of which offenses the National Prohibition Act, the later statute, specifically denounces and for which it provides specific penalties. The McKenzie Case differs from the case at bar in that it dealt with importation of liquor while the case at bar has to do with receiving and concealing liquor unlawfully imported. About this the National Prohibition Act says nothing.

In United States v. Dowling (D. C.) 278 Fed. 630, the court, on demurrer and motions to quash, reviewed several counts of several indictments. The counts are not fully given but in substance they charge conspiracies to violate the National Prohibition Act. In reviewing the counts of one of these indictments the court held that R. S. § 3082, was repealed by the National Prohibition Act on authority of United States v. Yuginovich, supra. We cannot gather the full force of this decision from the report of the case because while the charge was conspiracy the objective offenses are not clearly given. They seem to be offenses of possessing liquor, of transporting liquor, and of an intention to sell liquor—or some one of them—contrary to the National Prohibition Act. If any of these was the object of the conspiracy, there is the same distinction between this case and the case at bar that we have found in the cases before cited, for with reference to these offenses the National Prohibition Act speaks, while with reference to receiving and concealing liquor imported contrary to law, the

Act is silent. Being silent with reference to receiving and concealing unlawfully imported merchandise, long ago declared an offense by the Customs Laws (R. S. § 3082), the National Prohibition Act does not, on any theory of inconsistency, repugnancy, or necessity, repeal that particular section of the Customs Laws—unless the "possession" of unlawfully imported liquor and the receipt and concealment of the same are, as the plaintiff in error contends, identical.

[4] Both language and law distinguish between the words "possess" and "conceal." One may possess a thing without concealing it or he may conceal it without possessing it, having parted with possession in the act of concealing it. So also, he may both possess and conceal a thing, but concealment involves an act added to possession and denotes an intention of some sort. One may quite lawfully possess a deadly weapon but if he carries it concealed he commits a misdemeanor. Implicit in concealment, if innocent, is the element of protection; if not innocent, the element of guilt.

We cannot hold that the possession of liquor, as denounced by the National Prohibition Act in general terms and without regard to whence it came or what is to be done with it, is the same thing or constitutes the same offense as receiving and concealing liquor imported contrary to law. If they are not the same thing, then the Congress in enacting the National Prohibition Act did not disturb the earlier offense, which with its penalty was prescribed by Section 3082 of the Customs Laws. Therefore that law stands as enacted, unless—and this is the next contention of the plaintiff in error—liquor imported for beverage purposes and therefore imported "contrary to law" is not "merchandise" within the sense of the term as used in this section.

[5] The expression "contrary to law" as contained in R. S. § 3082, has been the subject of wide discussion. Its meaning, however, has become so well settled that we shall do nothing more than hold, on authority and reason, that it embraces any law in force at the time of an alleged violation of the statute, whether contrary to the Customs Laws or, as in this instance, to the National Prohibition Act. Goldberg v. United States (C. C. A.) 277 Fed. 211, 217; Ruehl v. United States (C. C. A.) 263 Fed. 376.

[6] Is liquor, imported for beverage purposes and therefore imported contrary to the National Prohibition Act, "merchandise" as the term is used in Section 3082 of the Customs Laws? There is growing authority for the proposition that such liquor is not "merchandise" and that Section 3082 is not applicable to the importation of merchandise not subject to duties. United States v. One Ford Automobile (C. C. A.) 262 Fed. 374; The Goodhope (D. C.) 268 Fed. 694; United States v. Hana (C. C. A.) 276 Fed. 817. This is based on the contention, at first persuasive, that for liquor to gain the legal status of "merchandise," it must come into the United States in harmony with the provision of the National Prohibition Act which prescribes as a prerequisite a permit from the commissioner. No permit having been issued, it is further maintained, it cannot be entered at the custom house, and in consequence becomes contraband the moment it comes into the United States. In the authorities cited, "merchandise" is regarded only as

goods taxable under the law. But the section under discussion (R. S. § 3082) has been held to include merchandise imported contrary to law, that was not dutiable, as well as merchandise that was dutiable. Goldberg v. United States (C. C. A.) 277 Fed. 211, 217; United States v. Santini (C. C. A.) 279 Fed. 534; United States v. Bengochea (C. C. A.) 279 Fed. 537; Harford v. United States, 8 Cranch, 109, 3 L. Ed. 504.

We are of opinion, therefore, that liquor imported for beverage purposes, though not dutiable, is "merchandise" and that Section 3082 applies.

[7] The plaintiff in error next contends that the search warrant under which his liquors were found and seized was invalid because issued under the Customs Laws and not under the National Prohibition Act, and invalid because of its own infirmities, and that, in consequence, the evidence produced thereby should not have been admitted against him. We subscribe to the reasoning of the learned trial judge before whom this question was argued. Therefore, in affirming his conclusion, we shall do nothing more than cite the authorities upon which it is based, keeping clearly in mind the distinction between a seizure, as here, of smuggled goods and a seizure of liquors believed to be in stock for the purpose of illicit sale. Locke v. United States, 11 U. S. 337; Boyd v. United States, 116 U. S. 616; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; United States v. Ray & Schultz (D. C.) 275 Fed. 1005; United States v. Rykowski (D. C.) 267 Fed. 866; United States v. Kelih (D. C.) 272 Fed. 484; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338; certiorari denied, see United States v. Veeder, 246 U. S. 675, 38 Sup. Ct. 428, 62 L. Ed. 933; In re Tri-State Coal & Coke Co. (D. C.) 253 Fed. 605; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

[8] It is now settled that when liquors have been lawfully obtained under a valid search warrant they may be used as evidence by the government in prosecuting a person for an offense different from that charged against him in the affidavit upon which the search warrant was issued. Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

We have carefully considered the remaining assignments of error. In the matter specified we have not found error.

Therefore the judgment below is affirmed.