## NATHANSON v. UNITED STATES.
### No. 4896.

Circuit Court of Appeals, Third Circuit.

March 1, 1933.

Frederic M. P. Pearse, of Newark, N. J., for appellant.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

A criminal information was filed in the court below against the appellant, J. J. Nathanson, charging possession of intoxicating liquor in violation of section 25 of title 2 of the National Prohibition Act (27 USCA § 39). By stipulation, the charge against the appellant was tried before the court without a jury. Prior to trial the appellant's petition that liquor, which had been seized, be returned because of the alleged invalidity of the search warrant, under authority of which seizure was effected, and that the evidence be suppressed, was denied. At the trial the application was renewed by motion and again denied, and a fine of $500 imposed upon the defendant. From that judgment this appeal was taken.

It is contended for the appellant that the court erred in admitting in evidence liquor obtained under an unlawful search and seizure. The search warrant was issued upon affidavit of a customs agent before a county judge of Atlantic County, N. J. The customs agent had received information from prohibition officials and from an unnamed informer that liquor of foreign origin was concealed upon the appellant's premises. The affidavit of the customs agent set forth that the affiant "has cause to suspect and does believe that certain merchandise, to wit, liquors of Canadian and other foreign origin, a more particular description of which cannot be given, upon which the duties have not been paid, or which has otherwise been brought into the United States contrary to law, and that said merchandise is now deposited and contained within the premises of J. J. Nathanson."

The appellant contends that the affidavit upon which the search warrant was issued showed no facts upon which to base a finding of probable cause; that the search warrant was therefore illegal; and that the use of the property so seized as evidence in a criminal prosecution amounted to a violation of the protection afforded by the Fourth Amendment to the Constitution, which provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath

or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Had this warrant issued under authority of the Prohibition Act, it would be invalid, since the affidavit was merely based upon cause to suspect and suspicion. It issued, however, under the authority of the Tariff Act of 1930, § 595 (19 USCA § 1595), which reads: "If any collector of customs or other officer or person authorized to make searches and seizures shall have cause to suspect the presence in any dwelling house, store, or other building or place of any merchandise upon which the duties have not been paid, or which has been otherwise brought into the United States contrary to law, he may make application, under oath, to any justice of the peace, to any municipal, county, State, or Federal judge, or to any United States commissioner, and shall thereupon be entitled to a warrant to enter such dwelling house in the daytime only, or such store or other place at night or by day, and to search for and seize such merchandise."

These provisions differ but slightly from those of the Act of July 31, 1789, 1 Stat. 43, § 24, which was enacted by Congress almost at the outset of our national existence. Searches for contraband smuggled into the United States in fraud of the revenue, upon affidavits setting forth an allegation of probable cause based upon suspicion, have been sustained from the earliest times. Locke v. United States, 7 Cranch (11 U. S.) 339, 3 L. Ed. 364. In that case Chief Justice Marshall said, on page 348 of 7 Cranch: "It is contended, that probable cause means prima facie, evidence, or, in other words, such evidence as, in the absence of exculpatory proof, would justify condemnation. This argument has been very satisfactorily answered on the part of the United States by the observation, that this would render the provision totally inoperative. It may be added, that the term 'probable cause,' according to its usual acceptation, means less than evidence which would justify condemnation; and, in all cases of seizure, has a fixed and well known meaning. It imports a seizure made under circumstances which warrant suspicion. In this, its legal sense, the Court must understand the term to have been used by Congress."

In Boyd v. United States, 116 U. S. 616, 623, 624, 6 S. Ct. 524, 528, 29 L. Ed. 746, the Supreme Court, noting the intendment of the Fourth Amendment in cases concerning stolen goods, or property in which the government has an interest, as in the instant case, said:

"The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ toto cœlo. In the one case, the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries past; and the like seizures have been authorized by our own revenue acts from the commencement of the government. * * *

"But, when examined with care, it is manifest that there is a total unlikeness of these official acts and proceedings to that which is now under consideration. In the case of stolen goods, the owner from whom they were stolen is entitled to their possession, and in the case of excisable or dutiable articles, the government has an interest in them for the payment of the duties thereon, and until such duties are paid has a right to keep them under observation, or to pursue and drag them from concealment. * * * *"

In Gouled v. United States, 255 U. S. 298, 308, 41 S. Ct. 261, 264, 65 L. Ed. 647, Mr. Justice Clarke said: "The wording of the Fourth Amendment implies that search warrants were in familiar use when the Constitution was adopted and, plainly, that when issued 'upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized,' searches, and seizures made under them, are to be regarded as not unreasonable, and therefore not prohibited by the amendment. Searches and seizures are as constitutional under the amendment when made under valid search warrants as they are unconstitutional, because unreasonable, when made without them—the permission of the amendment has the same constitutional warrant as the prohibition has, and the definition of the former restrains the scope of the latter. All of this is abundantly recognized in the opinions of the Boyd and Weeks Cases, supra, in which it is pointed out that at the time the Constitution was adopted stolen or forfeited property, or property liable to duties and concealed to avoid payment of them, excisable articles and books required by law to be kept with respect to them, counterfeit

coin, burglars' tools and weapons, implements of gambling 'and many other things of like character' might be searched for in home or office and if found might be seized, under search warrants, lawfully applied for, issued and executed."

In the instant case the seizure was under the tariff laws. The government had a pecuniary interest in the smuggled goods. Following the reasoning in the cases cited, we conclude that that interest was sufficient to justify the issuance of the search warrant and that the search and seizure, based on the sworn complaint (phrased almost in the very words of the Tariff Act) and the warrant thereon, did not violate the constitutional rights of the defendant.

This court, in Bookbinder v. United States (C. C. A.) 287 F. 790, certiorari denied 262 U. S. 748, 43 S. Ct. 523, 67 L. Ed. 1213, held that evidence obtained on a search warrant for violation of the customs laws is admissible in a prosecution for violation of the prohibition laws.

We find no error in the refusal of the learned District Judge to suppress the evidence secured by the search.

The judgment is affirmed.